David Lilienstein, Bar No. 218923
DL LAW GROUP
1000 3rd St.
San Francisco, CA 94158
Telephone: 415-969-6329
Facsimile: 415-358-8484
E-mail: david@dllawgroup.com

Nancy B. Pridgen, *Pro Hac Vice Admission*
PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, Georgia 30075
Telephone: (404) 551-5884
Facsimile: (678) 812-3654
E-mail: nancy@pridgenbassett.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY WEST, for himself and on behalf of his minor son, J.W., )
)
)
Plaintiff, )
)
v. )
)
APPLE, INC., and SUBRO SERVICES LLC, D/B/A/ KATCH, )
)
)
Defendants. )

Case No. 3:26-cv-00905-RFL

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Jeffrey West and Defendants Apple Inc. and Subro Services LLC d/b/a Katch hereby submit the following Joint Case Management Statement for the above referenced matter, in anticipation of the Initial Case Management Conference currently set for May 6, 2026 via Zoom.

1.      **Jurisdiction and Service**: This Court has subject matter jurisdiction over Plaintiff's claims and Defendant's counterclaim under federal question jurisdiction, as this matter arises under the Employee Retirement Income Security Act of 1974 ("ERISA").  There are no issues regarding personal jurisdiction or venue, and no party remains to be served.

2.    **Facts**:

Plaintiff's Statement of Facts:   Plaintiff Jeffrey West is an employee of Apple Inc. ("Apple"), and a participant in the Apple Health and Welfare Benefit Plan (the "Plan"), an ERISA-governed employee benefit health plan.  Defendant Subro Services LLC d/b/a Katch (previously known as "Optum") is the subrogation vendor for the Plan.  Plaintiff brings this action on his own behalf and on behalf of his minor son, J.W.

On February 7, 2013, J.W.'s mother, then pregnant with J.W., was admitted to the hospital for induction of labor.  Her doctor and nurses failed to uphold the standard of care, including a failure to recognize fetal heart rate abnormalities and timely recognize the need for Caesarean delivery.  Ultimately, the providers' negligence resulted in significant and permanent neurologic injury to J.W.  After the events of his birth, he developed apnea, desaturation episodes, and seizures.  J.W. was sent to the NICU where he was diagnosed with an acute stroke in the middle cerebral artery.  J.W. requires a lifetime of medical intervention to treat and manage his neurologic injury. Because of J.W.'s injuries and the care required to maintain any quality of life for him, the cost of his healthcare will continue to escalate.  His injuries will prevent him from earning income throughout his lifetime.   His non-economic damages, including the pain, suffering and psychological toll of his injury, astronomically exceed his recovery. His economic and non-economic damages together greatly exceed his recovery, and any attempt to collect from him will have disastrous effects not only on his health and quality of life, but also on his family who must contend with both the loss of his income and the burden of his continued care.

On or around March 24, 2022, Optum began asserting an alleged subrogation/ reimbursement lien as to Plaintiff's medical expenses under an ERISA plan, which alleged lien now totals approximately $467,808.41.   The provisions in the Plan Document/SPD fail to

completely disavow the make whole doctrine or common fund doctrine.  Instead, the Plan explicitly gives Apple the discretion to reduce the Plan's recovery where a participant/beneficiary is not made whole and/or to account for a share of attorneys' fees and costs attributable to obtainment of the recovery.  This discretionary language explicitly incorporates the make whole and common fund doctrines.  Apple, as the Plan Administrator for the Plan, has sole discretionary authority over any alleged lien.  Apple cannot or has not delegated its discretionary authority to Optum in writing.  Apple has refused to exercise its sole authority over the Plan's subrogation provisions, and relied entirely on Optum to make all decisions, discretionary or otherwise, regarding the alleged lien.  Optum has continued to attempt enforcement of the alleged lien, despite the circumstances presented, in violation of ERISA.

Defendants' Statement of Facts: Defendant Apple Inc. ("Apple") is the plan sponsor and a fiduciary of the Apple Health and Welfare Benefit Plan (the "Plan"), a self-funded employee welfare benefit plan governed by ERISA.  Plaintiff Jeffrey West is a participant in the Plan, and his minor son, J.W., is a beneficiary.  Defendant Subro Services LLC d/b/a Katch ("Katch"), which has been substituted for Optum as named in the Complaint, is the Plan's subrogation vendor and is not, and has not been, the Plan's third-party administrator.

The Plan paid medical benefits on behalf of J.W. in connection with injuries allegedly caused by the negligence of one or more third-party medical providers.  The Plan contains express subrogation and reimbursement provisions that unambiguously establish the Plan's right to be reimbursed, in full and from the first dollar, out of any recovery a participant or beneficiary obtains from a third party, regardless of how that recovery is described or designated.  These provisions create an equitable lien by agreement in favor of the Plan over identifiable settlement proceeds in the participant's or beneficiary's possession or control.  Plaintiff was provided with notice of the

Plan's reimbursement rights, and Plaintiff thereafter pursued and obtained a partial settlement of claims arising from J.W.'s alleged injuries against one or more medical providers, with litigation continuing against additional providers. The Plan expressly disavows both the make-whole doctrine and the common fund doctrine. Specifically, the Plan provides that the Plan "is entitled to be reimbursed for benefit payments even if you are not 'made whole' for all of your damages," and that "the plan's right of recovery is not subject to reduction for attorney's fees and costs under the common fund doctrine or any other doctrine."

The Plan's separate grant of discretion to Apple to agree, in writing, to a reduction in particular cases does not incorporate or revive either doctrine; rather, it confirms that any departure from the Plan's default rule of full reimbursement is available only as a matter of Apple's discretion.

Notwithstanding receipt of partial settlement proceeds, Plaintiff has failed to reimburse the Plan as required by the Plan's written terms and ERISA. Plaintiff is in actual or constructive possession of identifiable settlement funds, or assets traceable to those funds, that as a matter of equity and good conscience belong to the Plan. Apple, as fiduciary, has therefore filed a counterclaim under 29 U.S.C. § 1132(a)(3) seeking the imposition of an equitable lien by agreement upon those settlement proceeds and an order requiring Plaintiff to transfer the funds to the Plan. Defendants seek no money damages from Plaintiff personally and seek only to enforce the written terms of the Plan and to preserve the assets of the Plan for the benefit of all participants and beneficiaries.

3.    **Legal Issues**:

Plaintiff's Statement of Legal Issues: Plaintiff's first count seeks a declaratory judgment against all Defendants finding that Defendants have no viable lien upon any part of his recovery.

Alternatively, Plaintiff seeks a declaratory judgment that the common fund and make whole doctrines apply to any alleged lien against Plaintiff's recovery.  Plaintiff's second count raises a breach of fiduciary duty claim under ERISA against Apple for its failure or refusal to exercise discretion pursuant to the terms of the Plan and for its improper delegation of discretionary authority to a third-party administrator.  Plaintiff's third count seeks the reasonable costs and expenses of this action.  Defendant Apple has filed a counterclaim to enforce the alleged lien.

Defendants' Statement of Legal Issues: Defendants contend that the principal legal issues to be decided in this action are: (1) whether the Plan's subrogation and reimbursement provisions unambiguously establish an equitable lien by agreement in favor of the Plan over the proceeds of any third-party recovery obtained by Plaintiff or J.W.; (2) whether the Plan's express terms disavow the make-whole doctrine and the common fund doctrine; (3) whether Apple breached any fiduciary duty owed under ERISA in connection with the administration of the Plan's reimbursement rights, including whether Apple was required to exercise discretion to waive or compromise the Plan's reimbursement claim under the facts presented.

4.      **Motions**: There are no pending motions.  The parties anticipate filing cross dispositive motions after discovery.

5.      **Amendment of Pleadings**: The parties do not expect amendments to the pleadings at this time; the proposed deadline to amend the pleadings (60 days after the initial case management conference) is **July 6, 2026**.

6.      **Evidence Preservation**:  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.      **Disclosures**: The parties plan to exchange initial disclosures on or before **June 5, 2026**.

8.      **Discovery**:  No discovery has been taken to date.  The parties will exchange written interrogatories, requests for documents, requests for admissions, and will schedule depositions as needed.  The parties to not anticipate any proposed limitations or modifications of the discovery rules, have discussed e-discovery order, are submitting a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and have not identified any discovery disputes.  The parties propose that all discovery (fact and expert) shall be completed on or before **December 18, 2026**.

9.      **Class Actions**: N/A

10.     **Related Cases**: N/A

11.     **Relief**: Plaintiff and Defendant Apple each seek equitable relief pursuant to ERISA § 502(a)(3) and attorneys' fees pursuant to ERISA § 502(g).  Plaintiff also seeks equitable relief pursuant to ERISA § 502(a)(2).  While the alleged lien is currently $467,808.41, the parties are not able to calculate the value of the equitable relief or attorneys' fees sought at this time.

12.     **Settlement and ADR**: The parties are actively discussing settlement, and are planning to either participate in a private mediation or an early settlement conference.

13.     **Other References**: N/A

14.     **Narrowing of Issues**: The parties are still considering issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties have highlighted the most consequential issue to the case (above in paragraph 3) and are discussing how resolution of these issues may be expedited.

15.    **Scheduling**:  The parties propose the following dates:

| | |
|---|---|
| Initial Disclosures | June 5, 2026 |
| Amendment of Pleadings | July 6, 2026 |
| Status Conference Statement | October 19, 2026 |
| Deposition Notice Cutoff | November 18, 2026 |
| Discovery Cutoff | December 18, 2026 |
| Plaintiff's Dispositive Motion Brief | January 8, 2027 |
| Defendants' Opposition Brief/Cross Motion | February 8, 2027 |
| Plaintiff's Reply Brief | February 22, 2027 |
| Defendants' Reply Brief | March 8, 2027 |
| Dispositive Motion Hearing Date | March 23, 2027 (1:30pm, via Zoom) |
| Pre-trial Conference | June 21, 2027 |
| Bench Trial | July 19, 2027 (1-2 days) |

16.    **Trial**: The case will be tried to the court and the expected length of the trial is 1-2 days.

17.    **Disclosure of Non-party Interested Entities or Persons**: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The parties have identified the following persons, firms, partnerships, corporations (including parent corporations) or other entities known by the parties that have an interest in this matter:

| | |
|---|---|
| Jeffrey West and J.W. | Plaintiff and Minor Child |
| Apple Inc. Health and Welfare Benefits Plan | Health Plan |
| Apple, Inc. | Plan Sponsor |
| Subro Solutions, LLC d/b/a Katch | Subrogation Vendor |

18.    **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.    **Other Matters**:  None at this time.

//

Date: April 29, 2026                              **PRIDGEN BASSETT LAW, LLC**


By:____*Nancy B. Pridgen*_____
       NANCY B. PRIDGEN
       (*Pro Hac Vice Admission*)

Attorney for Plaintiff


Date: April 29, 2026                              **KOLB CLARE & ARNOLD, PSC**


By:____*John D. Kolb*_____
       JOHN D. KOLB
       (*Pro Hac Vice Admission*)

Attorney for Defendants